Nelson v. Memorial Sloan Kettering Cancer Center
1:24-cv-05236-LGS
~~Proposed~~ E-Discovery Protocol

**~~Proposed~~ E-Discovery Protocol**

1. Electronic Discovery

    a. Defendant Memorial Sloan Kettering Cancer Center agrees to conduct searches based on the search terms and custodians to be agreed upon by Defendant and Plaintiff Judith Nelson, M.D. (the "Parties"). Defendant reserves all rights to limit these searches if they return an unreasonable number of documents for Defendant to review, and to expand them if they fail to return any, or a reasonable number of, documents. Plaintiff will propose a time period for the searches and searches will be limited to that time period unless otherwise agreed or otherwise ordered by the Court. Plaintiff, for her part, reserves all of her rights, including to seek other, further or expanded searches based upon Defendant's production and/or the results of searches initially conducted by Defendant. The Parties are meeting and conferring to finalize modifications to searches, if and as necessary.

    Plaintiff has conducted a reasonable and good faith search for responsive documents and electronically stored information in all personal e-mail accounts, electronic calendars, text messages, social media sites, and communications, recordings (audio, visual or otherwise), iMessages, BBMs, other instant messages, word processing documents, spreadsheets, electronic slide presentations, databases, hard drives, servers, removable storage devices, and any other sources of electronically stored information within Plaintiff's possession, custody or control. Defendant reserves the right to request that Plaintiff conduct additional searches based on search terms to be agreed to by the Parties. The Parties will meet and confer to discuss such searches or other modifications to searches, if and as necessary.

    b. This e-discovery protocol is also subject to the terms and conditions set forth in the Parties' respective discovery requests. To the extent there are inconsistencies between the Parties' discovery requests and this e-discovery protocol, the Parties will meet and confer to determine what terms and conditions are applicable.

    c. Nothing in this e-discovery protocol limits the Parties' rights under Fed. R. Civ. P. 26(b).

2. General Format of Production. Subject to the provisions of paragraph 3, documents that originally existed in electronic form shall be produced in PDF format. To the extent reasonably possible, the Parties will produce PDFs in searchable format. Documents that originally existed in paper form may be produced in PDF form or produced in a paper form. Notwithstanding the foregoing provisions of this paragraph, both the party producing the document(s) ("Producing Party") and the party receiving the document(s) ("Receiving Party") reserve the right to request that an alternative format or method of production be used for certain documents and, in that event, the Parties will meet and confer to discuss such alternatives and costs associated with same.

Nelson v. Memorial Sloan Kettering Cancer Center
1:24-cv-05236-LGS
~~Proposed~~ E-Discovery Protocol

3. <u>Documents Not Convertible to Electronic Images</u>. Certain electronic documents are not practical to convert to electronic images, such as spreadsheets. To the extent that the information in such documents cannot be accurately and completely reflected in PDF form, Producing Party shall produce such files in native or other agreed-upon format or meet and confer to address the matter.

4. <u>Bates Numbering</u>. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions, the unique page identifier identified above, and any other internal tracking number that the Producing Party may choose to use.

5. <u>Confidentiality Treatment</u>. This Court has so ordered a Stipulation and Order Regarding Confidential Information in this matter, which specifies the manner of treatment for any material that is deemed "Confidential." (Dkt. No. 16.) The Producing Party will stamp or otherwise conspicuously note any confidentiality endorsements on any "hard copy," PDF image(s) or electronic image(s) representing the produced item. The "CONFIDENTIAL" legend shall be placed onto the document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

**So Ordered.**

Dated: December 2, 2024
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**